## Charles A. Allen, Wm. B. Redden, Oliver P. Stufflebeam and Phillip Cadle, Copartners, etc., v. W. J. Quann & Co.

1. CONSTRUCTION OF CONTRACTS—*Meaning to be Gathered from the Language.*—The meaning of a contract is to be gathered from its language, and the presumption is that the contract means what the language used indicates.

2. SAME—*The Rule Illustrated.*—Where the proprietors of a canning factory entered into a contract for the sale of a quantity of their goods conditioned that in case of the destruction of the cannery by the elements, the seller is not to be held liable for non-delivery, and the cannery was afterward destroyed by fire, *it was held* that they were absolved from such delivery.

Assumpsit, for non-delivery of goods sold. Trial in the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the November term, 1898. Opinion filed February 7, 1899.

SALMANS & DRAPER, attorneys for appellants.

PENWELL & LINDLEY, attorneys for appellees.

MR. JUSTICE HARKER delivered the opinion of the court. Appellants were engaged in the business of canning corn at Rossville, Illinois. On the 24th day of May, 1897, they entered into a written contract with appellee for the sale of 2,000 cases (two dozen each) of canned corn at fifty cents per dozen, to be of pack of 1897, and shipped during packing season as follows: One car of 700 cases as soon as possible, one car of 700 cases thirty days thereafter, and the last car thirty days after the second. On the 24th day of July, 1897, they entered into written contract with appellee for sale of 1,200 cases of pack of 1897, at fifty-five cents per dozen, to be shipped during the packing season as follows: 600 cases first and 600 cases fifteen days later. Each contract contained this condition: " In case of destruction of

cannery by the elements, the seller is not to be held liable for non-delivery."

. On August 30th, appellants commenced canning, but before there had been any shipment to appellee the cannery was, on the 9th of September, destroyed by fire. Appellants afterward refused to ship the goods when called upon by appellee, insisting that they were absolved from doing so by the burning of the cannery and the above mentioned condition. This suit followed, resulting in a verdict and judgment in favor of appellee for $600.

Appellants, by special plea, set up the destruction of the cannery by fire, and the condition that they were not to be held liable for non-delivery in the event of its destruction by the elements. In the view we take of the controversy, and the construction we place upon the condition, it is unnecessary to set out in this opinion the various replications interposed to the plea and the rejoinders thereto. The case was tried upon a false theory, and a construction was placed upon the contract by the court below that we can not approve. The court held that if at the time of the fire appellants had enough corn on hand to fulfill their contracts with appellee that was not destroyed, they would not be absolved from delivering on account of the fire and the condition. They had on hand 7,035 cases—more than enough to fulfill their contracts with appellee.

Such construction would leave appellants in a very embarrassing situation in the event of like outstanding contracts with other parties; and that condition of affairs appellant offered to prove, but it was denied them by the court.

In our opinion, appellants were, under the condition named, excused from the performance of any part of the contract not due at the time of the fire. The evidence shows that the canning season in 1897 began about the middle of August. The contract of May 24th, provided that the first shipment (one car, 700 cases) should be made as soon as possible, which of course, means within a reasonable time. At the time of the fire, 700 cases were due to be shipped, and

no more. Not until thirty days after a reasonable time from the middle of August was the second shipment due.

The judgment will be reversed and the cause remanded so that the issues may be reformed and another trial had in conformity with the construction we place upon the contract. Reversed and remanded.